UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIS ANTHONY PHARMS,

    Petitioner,

v.                                  CASE NO. 2:21-cv-10940

BRYAN MORRISON,              HONORABLE SEAN F. COX

    Respondent.

_____/

## ORDER DIRECTING THE CLERK OF COURT TO TRANSFER THIS CASE TO THE FEDERAL COURT IN THE WESTERN DISTRICT OF MICHIGAN

Darris Anthony Pharms, a state prisoner incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, recently filed a *pro se* habeas corpus petition, an application to proceed without prepaying fees or costs, and a motion to stay the federal proceeding. Petitioner alleges in his habeas petition that, in 2016, he was convicted of the following crimes in Kent County Circuit Court: possession with intent to distribute more than 50 grams of cocaine, MCL 333.7401(2)(a)(*iii*); possession with intent to distribute less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*); maintaining a drug house, MCL 333.7405(1)(d); and possession of a taser, MCL 750.224a(1). *See* Pet., ECF No. 1, PageID.1; *see also People v. Pharms*, No. 335439, 2018 WL 384614, at *1 (Mich. Ct. App. Jan. 11, 2018). The trial court sentenced Petitioner as a habitual offender to concurrent terms of 17½ to 40 years in prison for the cocaine conviction, 10 to 25 years for the heroin conviction, 1 to 15 years for the drug-house conviction, and 2 to 15 years for the taser conviction. *Pharms*, 2018 WL 384614, at *1.

Petitioner appealed his convictions on a variety of grounds, but the Michigan Court of Appeals affirmed his convictions in an unpublished opinion. *See id.* On April 30, 2019,

however, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals "for articulation of its reasons for finding a lack of merit in the questions presented in the defendant's [*pro se*] supplemental brief, filed . . . as part of his appeal of right." *People v. Pharms*, 503 Mich. 1017, __; 925 N.W.2d 838, 838 (2019).  The Michigan Supreme Court denied leave to appeal in all other respects because it was not persuaded to review the remaining questions presented to the court.  *Id*., 925 N.W.2d at 838-39.

On remand, the Michigan Court of Appeals re-affirmed Petitioner's convictions and sentences after finding no merit in the claims that Petitioner presented in his *pro se* supplemental appellate brief.  *See People v. Pharms,* No. 335439, 2019 WL 3058964 (Mich. Ct. App. July 11, 2019).  Petitioner appealed that decision to the Michigan Supreme Court, which denied leave to appeal on February 4, 2020, because it was not persuaded to review the questions presented to the court.  *See People v. Pharms*, 505 Mich. 976; 937 N.W.2d 658 (2020).

On April 12, 2021, Petitioner filed his habeas petition, application to proceed *in forma pauperis*, and motion for a stay.  In his habeas petition, he raises several issues about the sufficiency of the evidence at trial, the prosecutor's conduct, his trial and appellate attorneys' representation of him, and the trial court's alleged errors or abuse of discretion.  *See* Pet., ECF No. 1, PageID.5, 7-8, 10, 12, 15-24.

A preliminary question is whether this judicial district is the proper venue for Petitioner's habeas case.  A state prisoner in a state which has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced.  28 U.S.C. § 2241(d).  The Court in the district where the petition was filed may, in the exercise of its discretion and in

furtherance of justice, transfer the application to the other district for a hearing and determination.  *Id*.; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

Petitioner was convicted in Kent County, Michigan, and he is incarcerated in Coldwater, Michigan, which is part of Branch County.  Kent and Branch Counties lie within the geographical boundaries for the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  Thus, the proper venue for this case is the federal court in the Western District of Michigan.  The Court, therefore, orders the Clerk of Court to transfer this case to the United States District Court for the Western District of Michigan at Grand Rapids.  The Court has not ruled on Petitioner's application to proceed without pre-payment of fees and costs or his motion for a stay.


Dated: May 17, 2021                               s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge